**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| General Electric Capital Corporation, a Delaware corporation, ) ) ) | C/A No.: 3:10-1370-JFA |
| Plaintiff, ) ) | |
| v.  ) ) | **ORDER** |
| Bell Aviation, Inc., a South Carolina Corporation and J. Don Bell, a resident and citizen of South Carolina, ) ) ) ) | |
| Defendants. ) _____) | |

This matter is before the court upon Plaintiff General Electric Capital Corporation's motion for summary judgment.

**BACKGROUND**

On July 3, 2008, Plaintiff and Defendant Bell Aviation, Inc. entered into an Aircraft Dealer Floorplan Financing & Security Agreement, through which Plaintiff financed Bell Aviation's purchase of airplanes that Bell Aviation was going to use in the course of its business. Through the Security Agreement, Bell Aviation agreed to repay Plaintiff all of the moneys advanced and pledged its inventory of aircraft purchased with such moneys as security for the debt. If Bell Aviation defaulted on the loan, the Security Agreement permitted Plaintiff to declare immediately due and payable all sums and other obligations Bell Aviation owed. On or about July 22, 2008, Defendant J. Don Bell executed a guaranty in favor of Plaintiff, as additional security for Bell Aviation's

obligations. In the Guaranty, Don Bell agreed to be responsible for Bell Aviation's obligations to Plaintiff under the Security Agreement.

Pursuant to the terms of the Security Agreement, Plaintiff loaned Bell Aviation $5,500,000 to finance the purchase of a Cessna 560 Excel Aircraft ("Airplane"). By August 28, 2009, Bell Aviation had failed to satisfy its payment obligations, and Plaintiff and Bell Aviation agreed to amend the Security Agreement. This amendment, known as the Special Lender's Agreement, acknowledged that Bell Aviation had failed to make payment of the scheduled interest and principal due of $116,130.87. Furthermore, in consideration for Plaintiff's forbearance from taking enforcement action on account of Bell Aviation's default, the parties agreed that Bell Aviation's total indebtedness to Plaintiff as of August 28, 2009 was $5,362,500.03, plus interest, per diem, costs, and expenses. Both Bell Aviation and Don Bell, as guarantor, agreed to make certain monthly payments through and including September 2010.

Ultimately, Bell Aviation defaulted again. It failed to make payments of $30,000 on March 1, 2010 and on April 1, 2010, causing Christ Waltrich, an employee of Plaintiff, to declare the loan in default as of April 30, 2010 through a letter sent to the Defendants. The default letter declared the sum of $5,252,706.66 due as of that date and indicated that all applicable penalties and interests provided for under their agreement would continue to accrue until payment was made. On May 26, 2010, Plaintiff initiated this action in order to obtain the return of the Airplane, as well as any monetary damages owed to them. Bell Aviation and Don Bell do not dispute the fact that Bell Aviation

defaulted on the loan, and in August of 2010, it returned the Airplane to Plaintiff. On November 18, 2010, Plaintiff sold the Airplane for $2,375,000 and credited this amount to the outstanding balance. Now Plaintiff seeks to have a deficiency judgment rendered against Defendants.

## **LEGAL STANDARD FOR SUMMARY JUDGMENT**

To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## **ANALYSIS**

Bell Aviation and Don Bell do not dispute the fact that Bell Aviation defaulted on the loan at issue; however, they contest Plaintiff's motion for summary judgment on the

3

ground that Plaintiff failed to resell the Airplane in a commercially reasonable manner. Therefore, the court grants Plaintiff's motion for summary judgment with respect to the liability alleged in this case. After considering the parties' briefs and oral arguments with respect to the issue of damages, however, the court denies Plaintiff's motion for summary judgment, as it finds that there is a dispute of fact that prevents such a calculation as a matter of law.

Pursuant to New York law, which the parties agree governs this suit, "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." N.Y. Commercial Code Law § 9-610(b). "A disposition of collateral is made in a commercially reasonable manner if the disposition is made: (1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was subject to the disposition." N.Y. Commercial Code Law § 9-627(b).

Here, Defendants' primary contention is that Plaintiff did not sell the Airplane in a commercially reasonable manner because it failed to pursue an offer to purchase the Airplane by a Mr. Gustavo Carmona, who allegedly offered to purchase the Airplane from Defendants for $2.8 million prior to its seizure by Plaintiff. Instead, Plaintiff's sold the Airplane to a different buyer at a later date for $2,375,000. Because of the $425,000 difference in these figures, Defendants argue that a factual dispute exists as to whether or not Plaintiff even considered Mr. Carmona's offer to purchase the Airplane, which they

4

further contend would have been the commercially reasonable thing to do. Moreover, Defendants contend that Plaintiff waited two months to attempt to sell the Airplane, after Plaintiff took possession of it. According to Defendants, this lack of action on the part of Plaintiff cost them $100,343.04 in interest payments. After considering these arguments, the court finds that there is a factual dispute with respect to the amount of the deficiency judgment Defendants owe Plaintiff, based on the manner by which Plaintiff elected to sell the Airplane.

That being the case, the court is mindful of Plaintiff's position that the court is tasked with looking at the issue of whether or not the Airplane was sold in a commercially reasonable manner and not whether or not the collateral could have been sold at a higher price. In fact, as Plaintiff points out, New York law expressly states, "[t]he fact that a greater amount could have been obtained by . . . disposition . . . at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the . . . disposition was made in a commercially reasonable manner." N.Y. Commercial Code Law § 9-627(a). The court also recognizes Plaintiff's contention that Mr. Carmona was under investigation for improper conduct with respect to his dealings with the government of Argentina, which made it reluctant to pursue a sale of the Airplane with him. Therefore, both sides have presented evidence and arguments which support their respective positions and which create a factual dispute for the trier of fact to ultimately decide.

5

## **CONCLUSION**

Accordingly, the court grants Plaintiff's motion for summary judgment in part and denies it in part. The court finds Defendants jointly and severally liable to Plaintiff for damages resulting from the breaches of their respective agreements. It further finds that a trial is necessary with respect to the damages resulting from these breaches. On this point, it was brought to the court's attention that the Defendants may have waived their right to a jury trial in this case when they contracted with Plaintiff for financing. In order to resolve this issue, the court orders the parties to simultaneously brief this issue by March 15, 2011, so that the court may determine whether or not a jury will need to be selected for this case next term.

IT IS SO ORDERED.

March 2, 2011                                               Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge